1  Daniel Chattin
   *Pro Se*

2

**FILED**

**May 19, 2021**

Clerk, U.S. District Court
District of Montana
Great Falls Division

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF MONTANA

9

10  DANIEL CHATTIN, an individual, who is a          NO.: CV-21-54-GF-BMM
    citizen of Montana,

11                                                    COMPLAINT FOR DAMAGES

12            Plaintiffs,                             Demand for Jury Trial

13  vs.

14  IDEAL BUSINESS PARTNERS INC., a
    Nevada corporation, GLENN H. TRUITT,

15  an individual who is a citizen of Nevada,
    CACEY C. DECKER, an individual and

16  citizen of Nevada, DAVID J. HOUSEY, an
    individual and citizen of Nevada,

17  MICHAEL J. PLANK, an individual and
    citizen of Nevada, NEVADA CREDICO,

18  INC., a Nevada corporation dba Quantum
    Collections, ALLIED COLLECTION

19  SERVICES, INC., DOES 1 – 30, inclusive,

20            Defendants.

21

22                              **INTRODUCTION**

23       1. Plaintiff is not aware of the true names and capacities of defendants sued as DOES 1

24  through 30, and therefore sue these defendants by such fictitious names. Each fictitiously

25  named defendant is responsible in some manner for the occurrences alleged in this

26  complaint. Plaintiff will amend this complaint to add the true names of the fictitiously

27  named defendants once they are discovered.

28

COMPLAINT FOR ACCOUNTING

2. Each defendant knew or realized that the other defendants were engaging in or planned to engage in the violations of law alleged in this complaint. Knowing or realizing that the other defendants were engaging in such unlawful conduct, each defendant facilitated the commission of those unlawful acts. Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

3. Whenever reference is made in this complaint to any act of defendants, such allegation shall mean that each defendant acted individually and jointly with the other defendants named in that cause of action.

4. Plaintiff seeks actual, statutory and punitive damages, restitution, disgorgement of profits, and costs of suit, including attorneys' fees, as appropriate.

## JURISDCTION AND VENUE

5. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (Diversity of citizenship; amount in controversy; costs). Pursuant to Fed. R. Civ. P. 8(a)(1), plaintiff Daniel Chattin and plaintiff are individuals and citizens of Montana and defendants is a corporation incorporated in Nevada and its principal place of business is Nevada. The parties are completely diverse since all plaintiffs are citizens of Montana and the defendant corporation, is a citizen of Nevada.

6. The amount in controversy–the amount plaintiffs claim the defendants owes or the amount at stake–is more than $75,000, not counting interest and costs of court.

7. Venue is proper pursuant to 28 U.S.C. 1391(a) because the plaintiff resides here.

**PARTIES**

8. Plaintiff Daniel Chattin is a citizen of Montana and a member of the Blackfeet Indian Tribe. Plaintiff was acting as a consultant on behalf of various business entities and entered into an engagement letter attached as Exhibit 1. The nature of the services to be performed were solely business in nature and not services for a consumer. In fact, the name of the party engaged is defendant "Ideal Business Partners."

9. Defendant IDEAL BUSINESS PARTNERS INC., (hereinafter identified as "IBP") is a Nevada corporation.

10. Defendants GLENN H TRUITT, an individual, is a citizen of Nevada and listed in the engagement letter as the Managing Partner. CASEY C DECKER, an individual, is a citizen of Nevada, and his name is on the letterhead of the engagement letter as is also DAVID J. HOUSEY, an individual and citizen of Nevada and MICHAEL J. PLANKAND, an individual and citizen of Nevada.

11. Defendants NEVADA CREDICO, INC., a Nevada corporation dba Quantum Collections, and ALLIED COLLECTION SERVICES, INC are collection companies, and it is alleged on information and belief have reported to credit reporting agencies that plaintiff owes a debt incurred owed to defendants and each of them.

Count 1 – Fair Credit Reporting Act, 15 U.S.C. § 1681s–2(a)(1)(A)(B)

12. Plaintiffs incorporate the above allegations as if set forth herein.

13. Defendants are "debt collectors" as defined in 15 U.S.C. section 1692a (6), and in doing the act alleged, were attempting to collect alleged consumer debts.

14. Defendants furnished and reported information relating to a consumer with actual knowledge of errors to a consumer reporting agency. Defendants knew or had reasonable cause to believe that the information furnished and reported was inaccurate.

15. Plaintiff notified defendants that the information is inaccurate by meeting with defendants IDEAL BUSINESS PARTNERS INC., and its managing partner, GLENN H. TRUITT, that the billings were not just inaccurate but in fact fraudulent. Plaintiff was fraudulently billed for services not rendered and for excessive time billings in a 24-hour period and also billed at an hourly rate beyond what was contracted for in the engagement letter.

16. Attached is the April 2nd engagement letter between Glenn Truitt and Stanley R. Mooney and Mr. Mooney's companies.  All work performed was for companies owned by Mr. Mooney, not Daniel Chattin. Again, Daniel Chattin was a consultant for Mr. Mooney and his companies.

17. Attached is an "apology letter" from GLENN H TRUITT made to DANIEL CHATTIN in regard to egregious unethical actions relating to Mr. Mooney and his companies for which DANIEL CHATTIN was acting as a consultant on behalf of, and defendants were providing services to. GLENN H. TRUITT's conduct in his capacity as managing partner of DEAL BUSINESS PARTNER are actionable business torts involving moral turpitude and damaged the very businesses' that DANIEL CHATTIN had engaged defendants to provide business services for which destroyed the business relationship Truitt was hired to protect and enhance.

18. Plaintiff alleges that the engagement with defendants had been terminated because of the tortious conduct of defendants, yet most outrageously and incomprehensibly

defendants continued to bill plaintiff, even after the apology letter was written and delivered to plaintiff.

19. Plaintiff alleges that any services provided by IBP was the work done for the companies owned by Ross Mooney, that any IBP invoices were paid by Ross Mooney out of his business accounts, the invoices reflect that all services provided were on behalf of Ross Mooney's companies, Defendants have actual knowledge that any services it provided were solely on behalf of Ross Mooney's companies as evidenced by Exhibit "3," namely an engagement letter between IBP and Mooney and any purported debts are "business" debts for Mooney's companies, yet defendants have engaged a collection agency to both collect and report and furnish information to the consumer reporting agencies that the debt is a consumer debt owed by plaintiff and plaintiff alleges that the debt reported is inaccurate and in fact fraudulent.

Count 2 – Federal and California Fair Debt Collection Practices; 15 USC §§ 1692-1692p.

20. Defendants NEVADA CREDICO, INC., and ALLIED COLLECTION SERVICES, INC, (Collection Companies) have violated the statute by trying to collect and by furnishing and reporting *what is a business debt* to a consumer reporting agency where defendants' have furnished and reported that the debtor is a consumer when the purported debtor is in fact not a consumer, but a business and any purported debt is a "business" debt. The statute is limited to consumer debts only.

21. As a result of defendants' violations of the FDCPA, plaintiff was harmed, and are entitled to injunctive relief, and to recover actual and statutory damages and attorneys' fees and costs pursuant to 15 U.S.C. section 1692k.

WHEREFORE, plaintiff prays judgment against defendants as follows:

1. Actual damages against all defendants;

2. Statutory damages;

3. Pre and Post judgment interest;

4. For costs of suit;

5. For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all matters.

DATED:  5/11/2021        By: _____

Daniel Chattin
*Pro se*
Plaintiff

COMPLAINT FOR ACCOUNTING