IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIEL CHATTIN,<br><br>                Plaintiff,<br><br>vs.<br><br>IDEAL BUSINESS PARTNERS, INC., a Nevada Corporation, GLENN H. TRUITT, CASEY C. DECKER, DAVID J. HOUSEY, MICHAEL J. PLANK, NEVADA CREDICO, INC., a Nevada Corporation d/b/a Quantum Collections, ALLIED COLLECTION SERVICES, INC,<br><br>                Defendants. | CV-21-54-GF-BMM<br><br>**O**RDER |

## INTRODUCTION

Defendants Ideal Business Partners, Inc., Glenn H. Truitt, Casey C. Decker, David J. Housey, and Michael J. Plank (collectively "IBP Defendants") move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), (6), and (3). (Doc. 9). Plaintiff Daniel Chattin ("Chattin") opposes the Motion. (Doc. 13).

IBP Defendants seek dismissal alleging that the Court lacks personal jurisdiction over them, venue in Montana is improper, and Chattin has failed to state a legally cognizable claim against them. (Doc. 10 at 2).

## FACTUAL AND LEGAL BACKGROUND

Chattin is a Montana resident. (Doc. 8 at 4). Defendant Ideal Business Partners, Inc. ("IBP") is a business law firm incorporated in Nevada and headquartered in Las Vegas, Nevada. (Doc. 8 at 4); (Doc. 10 at 2–3). IBP's attorneys practice primarily in Nevada and California. (Doc. 10 at 3). None of its attorneys are admitted to practice in Montana and IBP never had an office in Montana. *Id.* Chattin contacted Defendant Glenn Truitt, IBP's sole shareholder, in February 2018, about representing him in various business ventures in California, Nevada, and Oregon. *Id.* Chattin entered into an Engagement Agreement with IBP that same month. *Id.*

IBP provided legal services for Chattin until Chattin terminated the representation in September 2018. *Id.* The remaining IBP Defendants are all partners and associates of IBP who performed work for Chattin during his relationship with IBP. *Id.* at 3–4. Chattin's unpaid balance with IBP amounted to approximately $51,205.00 at the termination of representation. *Id.* at 4. IBP referred Chattin's account to co-defendant Nevada Credico DBA Quantum Collections, a Las Vegas-based debt collection agency, in 2020. *Id.*

Chattin brought this action disputing his debt on May 19, 2021. (Doc. 1). His Third Amended Complaint alleges claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(1)(A)(B), and the Fair Debt Collection

2

Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. (Doc. 8 at 8). Chattin only pleads the FCRA claim against IBP Defendants. (Doc. 13 at 9). IBP Defendants move to dismiss on the basis of lack of personal jurisdiction, improper venue, and failure to state a claim. (Doc. 9).

## LEGAL STANDARDS

IBP Defendants have first moved to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff must demonstrate that jurisdiction is appropriate when a defendant moves to dismiss for lack of personal jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). The district court must apply the law of the state in which the district court sits in the absence of an applicable federal statute. *Id.*

## DISCUSSION

IBP Defendants assert that the Court lacks personal jurisdiction over them. (Doc. 10 at 5). None of the IBP Defendants reside or conduct business in Montana. *Id.* IBP is a Nevada corporation with its principal and registered office in Las Vegas, Nevada. *Id.* at 3. Truitt, Housey, and Decker are residents of Nevada. *Id.* Plank is a resident of California. *Id.*

The Court applies Montana law to determine whether the Court has personal jurisdiction over IBP Defendants. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Montana "applies a two-part test to determine

whether a Montana court can exercise personal jurisdiction over a non-resident defendant." *Cimmaron Corp. v. Smith*, 67 P.3d 258, 260 (Mont. 2003). First, the Court must determine whether personal jurisdiction exists under Montana's long-arm statute. *Id.*; *see* Mont. R. Civ. P. 4B(1). If personal jurisdiction does exist under the long-arm statute, the Court must then determine whether the exercise of such personal jurisdiction conforms with the traditional notions of fair play and substantial justice embodied in the due process clause. *Cimmaron Corp.*, 67 P.3d at 260.

Chattin acknowledges that personal jurisdiction must be established under the Montana long-arm statute, but he fails to cite to any Montana precedent. (Doc. 13 at 3). Chattin instead relies on a single Ninth Circuit case to argue that the Court's exercise of personal jurisdiction over the defendants would comply with due process because they have established minimum contacts with the forum. (Doc. 13 at 1 (citing *Myers v. Bennett Law Offices* 238 F.3d 1068 (9th Cir. 2001))).

*Myers* proves inapposite to the present case. The Ninth Circuit turned directly to the constitutional minimum contacts inquiry in *Myers* after determining that "[t]he Nevada Supreme Court has interpreted Nevada's long-arm statute to reach the limits of federal constitutional due process." *Myers*, 238 F.3d at 1072 (9th Cir. 2001). The Montana Supreme Court has designed a separate inquiry under Montana's long-arm statute that must be satisfied before analyzing

4

constitutional due process. *See Cimmaron Corp. v. Smith*, 67 P.3d 258, 260 (Mont. 2003). The Ninth Circuit's minimum contact analysis from *Myers* would thus apply only if the Court first determined that personal jurisdiction existed under Montana's long-arm statute.

Montana's long-arm statute, Rule 4B(1), M.R.Civ.P., provides in pertinent part, that:

> All persons found within the state of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any claim for relief arising from the doing personally, through an employee, or through an agent, of any of the following acts:
>   . . .
>   (B) the commission of any act which results in accrual within this state of a tort action[.]

Mont. R. Civ. P. 4(b)(1).

The parties do not dispute that IBP Defendants are not Montana residents and, therefore, cannot be "found within the state of Montana" for purposes of general jurisdiction. *See* (Doc. 10 at 7); (Doc. 8 at 4–5). The Court may only establish specific personal jurisdiction over IBP Defendants if they committed an act that results in accrual of a tort action in Montana. Mont. R. Civ. P. 4(b)(1)(B).

Chattin asserts that IBP Defendants committed a tort in Montana by reporting Chattin's failure to pay his outstanding legal fees to a collections agency, knowing that Chattin was a Montana resident. (Doc. 13 at 5). IBP Defendants dispute knowing that Chattin was a Montana resident at any point before Chattin

5

served them with his Third Amended Complaint. (Doc. 10-1 at 3). This issue proves to be irrelevant, however, as Montana Supreme Court precedent requires more than mere injury to a Montana resident to establish personal jurisdiction under the long-arm statute. *Tackett v. Duncan*, 334 P.3d 920, 929 (Mont. 2014).

A tort accrues "where the events giving rise to the tort claims occurred, rather than where the plaintiffs allegedly experienced or learned of their injuries." *Id.* at 928. "A tort does not accrue in Montana when all acts giving rise to the claims occur in another state." *Milky Whey, Inc. v. Dairy Partners, LLC*, 342 P.3d 13, 18 (Mont. 2015). IBP Defendants conducted the entirety of their business relationship with Chattin in Nevada, California, and Oregon. (Doc. 10 at 14). IBP Defendants referred Chattin's debt to Quantum Collections, a fellow Nevada-based business. *Id.* IBP Defendant's only link to Montana is Chattin himself, no part of IBP Defendant's course of conduct forming the basis of Chattin's claims against them occurred in Montana. *See Tackett*, 334 P.3d at 929 ("Defendants have no connection with this state, other than the connection that [plaintiff] himself has created."). These contacts prove insufficient to establish a tort in Montana.

IBP Defendants would still not have committed a tort in Montana even if they *intended* their actions to have an effect in Montana and caused injury in Montana to Chattin as a Montana resident. *Bi-Lo Foods, Inc. v. Alpine Bank*, 955 P.2d 154, 157. Montana lacks jurisdiction under the long-arm statute where the

defendants' in-state conduct is purely auxiliary to their out-of-state conduct. *Ascencio v. Phillips Agency, Inc.*, No. CV 16-64-M-DLC, 2016 WL 9461796, at *4 (D. Mont. Aug. 16, 2016).

The focus must be on where Defendants acted, not on where the consequences of those actions were felt. *Bi-Lo Foods, Inc.*, 955 P.2d at 157. In *Threlkeld v. Colorado*, Montana residents sued several Colorado entities for veterinary malpractice, deceit, and negligent misrepresentation or fraud after the plaintiffs' horse died in the Colorado defendants' care. 16 P.3d 359, 360–61 (Mont. 2000). The deceit, fraud, and misrepresentation claims allegedly arose from telephone conversations between the parties. *Id.* Thus, the tort actions arguably arose from a contact between the defendants and the Montana residents. *Id.* The Montana Supreme Court determined, however, that it lacked jurisdiction under the long-arm statute because the conversations were part of an ongoing business relationship initiated by the plaintiffs and they related to the treatment and death of the horse, both of which occurred in Colorado. *Id.* at 364–65.

IBP Defendants' actions, like those of the defendants in *Threlkeld*, arose from a transactional relationship initiated by Chattin outside of Montana. IBP's alleged misconduct—referring Chattin's debt to a credit collections agency—also arose from this preexisting relationship and occurred wholly within Nevada. IBP Defendants conducted their business with Chattin entirely outside of Montana,

with only an auxiliary impact on Chattin as a Montana resident. IBP Defendants' actions prove insufficient to establish jurisdiction under Montana's long-arm statute.

Montana's long-arm statute does not establish personal jurisdiction over IBP Defendants, therefore the Court need not determine whether IBP Defendants have established minimum contacts in Montana. Chattin's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). The Court declines to analyze IBP Defendants alternative arguments under Fed. R. Civ. P. 12(b)(3)&(6), because the lack of personal jurisdiction over IBP Defendants proves sufficient to dismiss the case.

## ORDER

Accordingly, **IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 9) is **GRANTED.**

Dated this March 11, 2022.

_____
Brian Morris, Chief District Judge
United States District Court