IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIEL CHATTIN,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>IDEAL BUSINESS PARTNERS, INC., a Nevada Corporation, GLENN H. TRUITT, CASY C. DECKER, DAVID J. HOUSEY, MICHAEL J. PLANK, NEVADA CREDICO, INC., a Nevada Corporation d/b/a Quantum Collections, ALLIED COLLECTION SERVICES, INC.,<br><br>　　　　　　Defendants. | CV-21-54-GF-BMM<br><br>ORDER |

## INTRODUCTION

Defendants Allied Collection Services Inc. ("ACS") and Nevada Credico Inc. ("Credico") have both filed motions to dismiss Plaintiff Daniel Chattin's ("Chattin") complaint for failing to state a claim upon which relief can be granted. (Docs. 15; 17.) Defendants submitted substantially identical briefing and will be treated as the same motion for the purposes of this order. Citations to ACS's motions or briefing should be taken to apply to Credico's identical motion and briefing.

## BACKGROUND

Daniel Chattin is a citizen of Montana. (Doc. 11 at ¶ 8.) ACS and Credico are Nevada corporations who deal with debt collections. (*Id.* at ¶ 5.) Chattin's former legal representation, Ideal Business Partners ("IBP"), referred Chattin's alleged unpaid legal fees to ACS and Credico who subsequently furnished this information to consumer reporting agencies. *See* (Doc. 10 at 3; Doc. 11 at ¶ 18.) Chattin discovered the injury to his credit when he sought loans for a new business venture and a loan for his son's college tuition. (Doc. 11 at ¶ 18.)

Chattin believed that IBP, ACS, and Credico provided inaccurate information. (*Id.*) Chattin sent memos explaining his position to ACS, Credico, and the credit reporting agencies. (*Id.*) Chattin then brought claims alleging violations of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA") against Credico, ACS, IBP, and several of IBP's individual employees. (Doc. 11.) The Court dismissed IBP as a defendant on March 11, 2022. *See* (Doc. 14.)

## ANALYSIS

**I.   Motion to Dismiss Count 1—alleged violation of the FCRA.**

ACS and Credico point out that 15 U.S.C. § 1681s-2(a), under which Chattin brings this claim, provides no private right of action. (Doc. 16 at 2 (citing *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)).) Chattin

agrees with defendants that § 1692s-2(a) contains no private right of action. (Doc. 20 at 1–2.) Chattin contends that he can amend his Fourth Complaint to bring a claim under § 1692s-2(b) which contains a private right of action to enforce. (*Id.*)

### a. Chattin did not plead a violation of § 1681s-2(b).

ACS and Credico address Chattin's possible claim under § 1692s-2(b). (Doc. 16 at 5; Doc. 23). ACS and Credico contend that Chattin has failed to plead § 1681s-2(b) because Chattin has failed to show that ACS or Credico received a notice of dispute from a credit reporting agency which the statute requires. (*Id.*) Whether Chattin's potential § 1681s-2(b) claim proves legally sufficient presents a question to be decided after it has been pleaded, not before.

Courts freely should grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Chattin has offered a document sent to him by Equifax that seemingly shows ACS and Credico did receive a notice of dispute from a credit reporting agency. (Doc. 20.) This document at least plausibly satisfies § 1681s-2(b) and while Chattin has not yet plead a claim under § 1681s-2(b) it seems likely that, if given leave to amend, he can bring one.

### b. Chattin was aware or should have been aware of the faultiness of Count 1.

Next ACS and Credico argue, that Chattin was aware or should have been aware that no private right of action existed to enforce under § 1681s-2(a), but Chattin still failed to bring a claim under § 1681s-2(b) in his Fourth Amended Complaint. (Doc. 23.) ACS and Credico contend Chattin was aware that no private right of action existed to enforce under §1681s-2(a) because ACS and Credico pointed to that fact in Defendants' earlier motion to dismiss for lack of jurisdiction (Doc. 10.) ACS and Credico further argue Chattin knew his claim was faulty due to the fact that in his response to the motion to dismiss for lack of jurisdiction Chattin cites the actual section of the statute that denies a private right of action to enforce. (Doc. 13 at 10.) ACS and Credico argue that Chattin has had months to realize his §1681s-2(a) claim was faulty and to amend his complaint to bring a claim under § 1681s-2(b). ACS and Credico contend Chattin should not be allowed to amend under these circumstances.

The Court may consider plaintiff's "repeated failure to cure deficiencies by amendments previously allowed" as a reason to deny leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of an opportunity to amend, however, remains within the discretion of The Court. *Id.* Despite Chattin's failure to recognize that his § 1681s-2(a) claim was faulty, Chattin previously recognized that he could likely bring a § 1681s-2(b) claim and "a document filed *pro se* is to

4

be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The policy of liberally construing pro se submissions is driven by the understanding that "[i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir.1983)).

Chattin stated in his response to the earlier motion to dismiss, "the claim alleged here contains facts plead to support a violation of section 1681s-2(b) which is plead in the Count 1." (Doc. 13 at 10.) Here Chattin has plead facts that may "support a violation of section 1681s-2(b)," although he did not formally include § 1681s-2(b) in his Count 1. (*Id.*) If construed liberally, Chattin's Fourth Complaint (Doc. 11), his previous response to the motion to dismiss for lack of jurisdiction (Doc. 13), and the Equifax document show Chattin may have a plausible claim under § 1681s-2(b). Chattin should be given leave to amend his Fourth Complaint.

### c. Chattin failed to amend his complaint within the statutory timeframe.

ACS and Credico also argue that when they filed a motion to dismiss Chattin had 21 days to amend his complaint and Chattin has failed to amend. (Doc. 23); (Fed. R. Civ. P. 15(a)(1)(B)) It is true that after ACS and Credico filed their motion

5

to dismiss on March 21, 2022, Chattin had 21 days to amend his complaint and did not move to do so.

Again, however, "a document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Despite failing to make a formal motion to amend Chattin did say "the current complaint may be amended to state" a claim under § 1681s-b(2). (Doc. 20 at 1-2). Chattin's statements amounts to a request for leave to amend when construed liberally. "A district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Chattin's claim under 1681s-2(a) cannot be brought, but his pleading possibly can be cured by amending his Fourth Complaint to include a claim under 1681s-2(b).

### d. Granting leave to amend would be "futile".

Lastly ACS and Credico contend that it would be "futile" for the Court to allow Chattin time to amend his complaint because his claim under § 1681s-2(b) would fail. (Doc. 23 at 4.) ACS and Credico support this contention by assuming their investigation of the dispute has reasonable and the information they provided to the credit reporting agencies was accurate. (*Id.*)

The facts alleged by the Plaintiff and the assumptions thereof are taken as truth in a motion to dismiss. Chattin has alleged that ACS and Credico provided

inaccurate information. (Doc. 11 at ¶ 18). The Court assumes from the Complaint, and specifically from Chattin's response brief, that Chattin alleges that ACS and Credico conducted an "unreasonable" investigation. (Doc. 11; Doc. 20 at 4.) Chattin has stated facts that could state a plausible claim under § 1681s-2(b) and due to the *pro se* nature of his representation Chattin should be allowed time to amend his Complaint.

## II. Motion to Dismiss Count 2 or the alleged violation of the FDCPA.

ACS and Credico argue that the "FDCPA applies only to consumer—as opposed to commercial—debt." *Glawe v. Carpenter, Hazlewood, Delgado & Bolen PLC*, 859 F. App'x 102, 103 (9th Cir. 2021) (citing *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992)). The FDCPA defines debt as follows:

> "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes...."

15 U.S.C. § 1692(a)(5). Courts determine the debtor's purpose as of the time the debt was incurred. *In re Cherrett*, 873 F.3d 1060, 1067 (9th Cir. 2017).

Chattin repeatedly has alleged in his Fourth Complaint and responses that his debt was a commercial debt and not a consumer debt. This point bars him from bringing a claim under the FDCPA. (Doc. 11 at ¶ 18; Doc. 20 at pg. 5). ACS and Credico previously maintained that Chattin's debt was personal but now argue that

Chattin's debt is commercial. It is unfortunate that ACS and Credico seemingly benefit from their alleged mischaracterization of Chattin's debt. The statute is clear. Chattin may not bring a claim under the FDCPA because his debt constituted a commercial debt, rather than consumer debt. Defendants' Motion to Dismiss Count 2 is granted.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Defendants' Motions to Dismiss (Docs. 15 and 17) are **DENIED** in part and **GRANTED** in part.

2. Defendants' motion to dismiss Count 1 is **DENIED**. Chattin will be given until July 23rd, 2022 to amend his complaint.

3. Defendant's motion to dismiss Count 2 is **GRANTED**.

Dated the 23rd day of June, 2022.

Brian Morris, Chief District Judge
United States District Court