# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

|  |  |
|---|---|
| DANIEL CHATTIN,<br><br>     Plaintiff,<br><br> v.<br><br>IDEAL BUSINESS PARTNERS, INC.,<br>GLENN H. TRUITT, CACEY C.<br>DECKER, MICHAEL PLANK, NEVADA<br>CREDICO, INC. dba QUANTUM<br>COLLECTIONS, and ALLIED<br>COLLECTION SERVICES, INC.,<br>     Defendants. | **CV-21-54-GF-BMM**<br><br><br>**ORDER** |

## INTRODUCTION

Plaintiff Daniel Chattin ("Chattin") filed this action against Defendants Ideal Business Partners, Inc. ("IBP"); Glenn H. Truitt ("Truitt"); Cacey C. Decker ("Decker"), Michael Plank ("Plank"); Nevada Credico, Inc. dba Quantum Collections ("Quantum"); David J. Housey ("Housey"); Reginald Russell ("Russell"); Caleb M. Zobrist ("Zobrist"); Allied Collection Services, Inc. ("Allied"); and Does 1–30 ("Does"), (collectively, "Defendants"). (Doc. 1.)

Defendants Quantum and Allied have moved for summary judgment. (Doc. 44; Doc. 48.) Defendants also have moved the Court to compel discovery and to

sanction Chattin. (Doc. 39.) The Court conducted a motion hearing on December 1, 2022. (Doc. 73.) The Court referred the matter to mediation at the conclusion of the motion hearing. (Doc. 74.) United States Magistrate Judge John Johnston conducted a mediation on December 9, 2022. (Doc. 78.) The case did not settle.

## FACTUAL AND LEGAL BACKGROUND

Chattin is a pro se plaintiff from Great Falls. (Doc. 26 at 4.) This matter stems from a cannabis industry consulting contract gone wrong.

### *Chattin's Contractual Liability.*

Stanley Mooney ("Mooney") hired Chattin as a business consultant for his cannabis industry company, CHC Ventures, LLC ("CHC"). (Doc. 22-3 at 1.) Chattin signed a contract with IBP and Truitt on February 16, 2018, for legal, strategic, and financial services. (Doc. 45-1 at 3–9.) One of the contract's miscellaneous provisions states that the signatory "acknowledges, understands[,] and agrees" to provide a "personal guaranty" of liability "if Client is a business entity." (*Id.* at 6.)

 Chattin terminated the agreement at some time in February 2018, transferring "all business relationships" with Truitt and IBP into a new agreement on March 3, 2018. (*Id.*) Chattin represents that the March 2018 contract provided that IBP and Truitt would represent CHC and Mooney in "future business dealings." (*Id.*) This contract does not appear to be part of the Record before the

2

Court. Quantum alleges that Chattin had an unpaid balance with IBP of $51,205 at the time he terminated the contract in September 2018. (Doc. 46 at 8.)

Mooney sent Quantum a letter, dated October 27, 2020, corroborating some of Chattin's claims. (Doc. 22-5 at 1, 3.) The Mooney letter confirms that he owns CHC and employed Chattin as a business consultant. (*Id.* at 1.) Mooney stated that CHC and IBP mutually terminated their business relationship in August 2018 due to "questionable activities" by IBP. (*Id.*) CHC paid all IBP invoices for the services rendered from March 2018 to July 31, 2018. (*Id.*) Mooney formally requested that Quantum remove Chattin as the liable party for the $51,205 account and that Quantum submit documentation supporting the claimed invoice to CHC. (*Id.* at 3.) The Mooney letter states that "this claim against my consultant Daniel Chattin has cause[d] him some financial harm" and urged Quantum "to clear this negative reporting on his credit history as soon as possible." (*Id.*)

Alleged Billing Fraud by IBP and Truitt.

Chattin alleged in his First Amended Complaint that IBP had engaged in fraudulent billing, including billing for services not rendered, billing for "excessive services in a 24-hour period" and continuing to bill after Chattin ended the business relationship. (Doc. 1 at 4–5; *see also See* Doc. 22-1–22-37.) These allegations do not appear in the Fifth Amended Complaint (Doc. 26)

Debt Collection and Credit Reporting Consequences.

Quantum and Allied are debt collection agencies that shared an owner and business location. (Doc. 26 at 7.) IBP assigned Chattin's account to Quantum for collections on October 4, 2018. (Doc. 45 at 2.) Quantum furnished information about the debt to Equifax, Experian, and Trans Union on August 23, 2020. (*Id.* at 3; Doc. 46 at 2–3; Doc. 47 at 13.) Quantum transferred all of its accounts to Allied on approximately January 12, 2021. (*Id.*) Quantum surrendered its state license on January 26, 2021, and is in the process of winding down operations. (*Id.*)

Chattin states that he discovered that Quantum and Allied had reported the $51,205 IBP account as an individual consumer debt to credit reporting agencies. (Doc. 26 at 7.) Chattin tried to obtain financing for a hemp extraction plant in Fort Benton, Montana, but was unable to secure the necessary loans due to his credit score. (*Id.* at 10.) Chattin was also unable to renew a federal loan for his son's college tuition. (*Id.*; Doc. 22-3.)

Chattin disputed the reporting on the basis that he was not personally liable for the IBP account. Quantum and Allied investigated and determined that they had not erred in reporting the IBP account on the basis that Chattin was individually liable under the February 2018 contract. (Doc. 46 at 7–8; Doc. 51 at 8–9.)

Procedural Background.

Chattin filed suit against Defendants on May 19, 2021. (Doc. 1.) Chattin's action initially included two claims: (1) violation of the Fair Credit Reporting Act,

15 U.S.C. § 1681s-2(b) ("FCRA"); and (2) Federal and California Fair Debt

Collection Practices, 15 U.S.C. § 1692. (*Id.* at 3, 5.) Chattin's Third Amended

Complaint did not name Defendants Russell, Zobrist, and Does. (Doc. 8.) The

Court terminated them as defendants as of January 19, 2022. The Court dismissed

Chattin's second claim on June 23, 2022. (Doc. 25.)

Chattin filed a Fifth Amended Complaint on July 22, 2022, containing only

the FCRA cause of action. (Doc. 26 at 5.) Chattin contends that Quantum and

Allied wrongfully supplied incorrect information to credit reporting agencies. (*Id.*

at 6.) Chattin argues that Quantum's and Allied's actions adversely impacted his

credit score and led to the denial of governmental and private loans. (*Id.* at 10.)

Chattin maintains that he is not individually or personally liable under the contract.

(*Id.* at 8.)

Chattin seeks compensatory damages, punitive damages under state law and

the FCRA, and a permanent injunction preventing Quantum and Allied from

reporting to credit agencies. (*Id.* at 11.) Quantum and Allied filed a Motion to

Compel and for Sanctions on September 16, 2022. (Doc. 39.) Quantum and Allied

each moved for summary judgment on September 21, 2022. (Doc. 44; Doc. 48.)

## LEGAL STANDARDS

### I.    Summary Judgment.

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

### II.    Motion to Compel and for Sanctions.

Fed. R. Civ. P. 37 governs failures to make required disclosures or to cooperate in discovery. Rule 37(a) provides that a party may move for "an order compelling disclosure or discovery" on notice to other parties and all affected persons. Fed. R. Civ. P. 37(a). The movant must certify that they "in good faith conferred or attempted to confer" with the party failing to make a disclosure "in an effort to obtain it without court action." *Id.* A party who fails to comply with its Rule 26(a) or (e) discovery obligations may not use the withheld information or witness in subsequent motions, hearings, or at trial, unless the failure proves "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Rule 37(c)(1) authorizes federal courts to take the following actions in response to discovery disputes or misconduct: (1) ordering payment of reasonable

expenses, including attorney's fees; (2) informing the jury of the party's failure; and (3) imposing "other appropriate sanctions." *Id.*

## DISCUSSION

### I.    Quantum and Allied's Motions for Summary Judgment.

"Congress enacted the [Federal Credit Reform Act] to ensure accurate reporting about the 'credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.'" *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) (quoting FCRA, 15 U.S.C. § 1681a(2)). FCRA governs how entities that furnish information about consumer debt to credit reporting agencies must respond to notices of disputes from reporting agencies. Furnishers must conduct a "reasonable" and "non-cursory" investigation and "must correct or delete inaccurate information." *Gross*, 33 F.4th at 1251.

A consumer challenging a furnisher's actions must make a prima facie showing of inaccurate reporting. *Id.* If a consumer makes this showing, a court then considers the reasonableness of the furnisher's investigation. *Id.*

Quantum urges the Court to grant judgment as a matter of law on Chattin's FCRA claim against it. (Doc. 46 at 2, 9.) Quantum asserts that Chattin has failed to make a prima facie showing that Quantum furnished inaccurate information. (*Id.* at 7.) Quantum argues that it has complied with FRCA and has furnished accurate information to Equifax because Chattin agreed to be personally liable to IBP. (*Id.*)

Quantum additionally argues that Chattin's FCRA claim would fail even had he made a prima facie showing of inaccurate reporting. (*Id.* at 7–9.) Quantum contends that its investigation of Chattin's dispute proves reasonable because it took the following actions: (1) it verified Chattin's liability "in their file"; (2) it verified Chattin's liability with the underlying creditor; and (3) it investigated each dispute with the underlying creditor. (*Id.* at 7–8.) Allied makes virtually identical arguments in its supporting brief. (Doc. 51 at 7–9.)

Quantum and Allied filed a short initial Reply on October 20, 2022, after the October 19th deadline passed without Chattin having filed a Response. (Doc. 60.) Quantum and Allied argued that Chattin's failure to timely file a Response warranted the Court's grant of summary judgment in their favor. (*Id.* at 3.)

Chattin filed a Response to Quantum and Allied's summary judgment motions on October 21, 2022. (Doc. 61.) Chattin does not substantively respond to Quantum and Allied's arguments. Chattin's Response instead focuses on IBP, Truitt, Housey, Decker, and Plank's alleged billing fraud. (*Id.* at 3–8.) Chattin details examples of this fraud, including billing from Housey, from whom CHC did not request any consulting services. (*Id.* at 7.) Chattin alleges that Housey billed $26,000 for services purportedly rendered across two days, each for over 24 hours of work within a 24-hour period. (*Id.*) Decker and Plank, neither of whom

8

had any previous contact with CHC, submitted invoices for $10,440 and $15,900,
respectively, for work that CHC never received. (*Id.* at 4–5.)

Quantum and Allied filed a combined supplemental Reply on October 28,
2022. (Doc. 64.) They argue that the Court should strike Chattin's untimely
Response. (*Id.* at 2.) Quantum and Allied assert that no material issue of fact
remains because Chattin failed to file a Statement of Disputed Facts or to challenge
Defendants' Statement of Undisputed Facts. (*Id.*) Quantum and Allied also argue
that summary judgment proves appropriate because Chattin did not submit any
evidence with his Response. (*Id.* at 4.)

Chattin has alleged facts that may establish a billing fraud claim against IBP.
(Doc. 61 at 3–8.) Chattin's single remaining cause of action under FCRA,
however, does not turn on IBP's underlying conduct. Chattin instead must satisfy
his prima facie burden with respect to Quantum's and Allied's credit reporting
conduct. *Gross*, 33 F.4th at 1251. Chattin must demonstrate that Quantum and
Allied inaccurately reported his credit information. *Id.*

Chattin's arguments in his summary judgment Response (Doc. 61) and
during the motion hearing centered on the allegedly unfair and fraudulent conduct
of IBP. Chattin failed to refute Quantum's and Allied's contention that Chattin
assumed personal liability for the contract with IBP. Chattin has failed to make a
prima facie showing of inaccurate reporting by Quantum and Allied as required by

9

the FCRA. 15 U.S.C. § 1681a(2). Moreover, Chattin's failure to file a Statement of Disputed Facts pursuant to L.R. 56.1 supports a finding that no material facts remain in dispute.

Quantum and Allied have carried their burden of establishing a lack of material fact disputes and their entitlement to judgment as a matter of law. *Celotex*, 477 U.S. at 322. The Court will grant summary judgment for Quantum and Allied pursuant to Fed. R. Civ. P. 56(a). Chattin's claims, if any, lie against IBP rather than against these Defendants who reported the debts identified by IBP.

## II.     Quantum and Allied's Motion to Compel and for Sanctions.

Quantum and Allied urge the Court to compel Chattin to make required disclosures under Fed. R. Civ. P. 26. (Doc. 39.) The motion additionally requests reasonable attorney's fees caused by Chattin's failure to disclose. (*Id.*) Quantum and Allied provide no estimate of the attorney's fees they seek to recover from Chattin. (Doc. 42.) Quantum and Allied certify that they conferred in good faith with Chattin in an attempt to obtain the discovery without involving the Court. (*Id.* at 5.)

The Court conducted a telephonic status conference on September 29, 2022, to address the discovery dispute. (Doc. 53.) The Court ordered Chattin to take the following actions: (1) to make his initial disclosures by October 7, 2022; (2) to respond to Quantum and Allied's Motion to Compel and for Sanctions by October

14, 2022; and (3) to respond to Quantum and Allied's respective summary judgment motions by October 19, 2022. (*Id.*)

Chattin timely filed a document that the Court will construe as a Response to the Motion to Compel and for Sanctions on October 14, 2022. (Doc. 56.) Chattin's October 14, 2022, Response requests the Court not to order sanctions on the basis that Chattin timely filed his initial disclosures. (*Id.* at 1.) The Response contains no other information or legal arguments.

Chattin has filed three initial disclosures documents. First, Chattin timely filed a document titled "Initial Disclosures" on October 7, 2022. (Doc. 55.) Chattin filed two additional disclosures documents, on October 14, 2022, and October 21, 2022, respectively. (Doc. 57; Doc. 62.) None of these documents complies with Fed. R. Civ. P. 26.

Quantum and Allied maintain that the Court should sanction Chattin. (Doc. 58.) Quantum and Allied assert that Chattin's initial disclosures October 7, 2022, and October 14, 2022, fail to comply with Fed. R. Civ. P. 26(a)(1). (*Id.* at 3.) They specifically dispute the sufficiency of Chattin's disclosures regarding all relevant documents under Rule 26(a)(1)(A)(ii) and the computation of damages under Rule 26(a)(1)(A)(iii). (*Id.* at 4.) Quantum and Allied request an order from the Court prohibiting Chattin from using any information that should have been disclosed as evidence to support his claims. (*Id.* at 5.) Quantum and Allied additionally request

reasonable attorney's fees caused by Chattin's failure to disclose, including attorney's fees related to the motion to compel. (*Id.*)

Perfect compliance with the procedural rules should not be expected from pro se litigants. Chattin is a pro se plaintiff. Chattin appears to have been acting in good faith. Chattin has complied with the Court's instructions to make his initial disclosures (Doc. 57) and to respond to the motion to compel and for sanctions (Doc. 56). Chattin filed his Response (Doc. 61) to Quantum and Allied's summary judgment motions two days after the deadline. The Court agrees with Quantum and Allied that Chattin's initial disclosures do not comply with Rule 26. Requiring Chattin to pay Quantum and Allied attorney's fees nonetheless would impose too harsh a penalty on Chattin, particularly in light of the financial and informational imbalances between the parties.

The Court will deny Quantum and Allied's motion to compel (Doc. 39) on the basis that Chattin has acted in good faith and because the Court is granting summary judgment for Defendants.

## ORDER

Accordingly, **IT IS ORDERED:**

1.  Defendants Quantum and Allied's Motions for Summary Judgment (Doc. 44; Doc. 48) are **GRANTED.**

2.  Defendants Quantum and Allied's Motion to Compel and for Sanctions is **DENIED.**

3.  The Clerk shall enter judgment in favor of Quantum and Allied.

    DATED this 5th day of January, 2023.

_____
Brian Morris, Chief District Judge
United States District Court

13